Hackenhull vs. Westbrook.

JOHN HACKENHULL, plaintiff in error, vs. JOHN R. WEST-
BROOK, defendant in error.

1. A mortgage on real property must be foreclosed in the county where the property lies, and where the judgment of foreclosure is granted in the county of the mortgagor's residence, which is not in the county where the land is situated, the claimant of the land under a levy of the mortgage *fi. fa.*, may raise the objection on the trial of the claim.
2. When the court on the trial of a claim case rejects the plaintiff's *fi. fa.*, it is error to allow a verdict to be taken for the claimant. The plaintiff's case should be dismissed.

Mortgage. Jurisdiction. Claim. Practice in the Superior Court. Before Judge KNIGHT. Forsyth Superior Court. April Term, 1873.

Robert M. Barrett executed a mortgage to John Hackenhull on two lots of land lying in Forsyth county, and on one lot in Dawson county. The mortgage was recorded and foreclosed in the latter county. The execution based on said foreclosure was levied on the two lots situated in Forsyth county. To this property a claim was interposed by John R. Westbrook. Upon the trial of the issue thus formed, the court, on motion of counsel for claimant, excluded the mortgage *fi. fa.* upon the ground that the superior court of Dawson county had no jurisdiction of proceedings to foreclose as against the two lots situated in Forsyth. To this ruling plaintiff excepted.

Walters *vs.* Odom.

The court then directed the jury to return a verdict for the claimant, and plaintiff again excepted.

Error is assigned upon each of the aforesaid grounds of exception.

WIER BOYD, for plaintiff in error.

JASPER N. DORSEY, for defendant.

TRIPPE, Judge.

1. The court below committed no error in holding that a mortgage on land must be foreclosed in the county where the land lies.    This was the provision of the act of 1799, Cobb Digest 570, and is transferred to the Code, section 3962. This being so, the claimant in this case had the right to object to the mortgage *fi. fa.* issued from the superior court of Dawson county and to the proceeding to foreclose in that county, when the land claimed was situate in the county of Forsyth. If the judgment or record showed that the court rendering the judgment did not have jurisdiction of the subject matter, any person whose rights would be affected could, at any time, make the objection :    Code, sections 3594, 3596. .

2. But it was error in the court after the rejection of the *fi. fa.* to direct the jury to render a verdict for the claimant.    In *Baker vs. Shepherd*, 37 *Georgia*, 12, it was held "that when the court rejected the plaintiff's *fi. fa.* when offered in evidence in a claim case, it was error to allow a verdict to be taken for the claimant.    The court should have dismissed plaintiff's case."

For this reason and on this ground the judgment is reversed.