HOYT *vs.* BYRON *et al.*

Since the passage of the act of 1875, if a tax *fi. fa.* be transferred but not recorded in thirty days, it cannot be enforced by the transferree as a lien on the property of the defendant.

Taxes.   Executions.   Registration.   Liens.   Before Judge CRISP.   Lee Superior Court.   November Term, 1880.

Reported in the decision.

K. J. WARREN; L. P. D. WARREN; COLLIER & COL-LIER, for plaintiff in error.

GUERRY & SON; HAWKINS & HAWKINS, for defendants.

CRAWFORD, Justice.

A tax *fi. fa.* was issued by the tax collector of Lee county against S. W. Lee for his taxes due for the year 1876; the same was transferred on the 4th day of June, 1877, to C. M. Payne, oh the 22d of November, 1877, to S. B. Hoyt; on the 24th day of May, 1879, it was entered on the execution docket of Fulton superior court, and on the 3d day of June, 1879, on the execution docket of Lee superior court. This *fi. fa.* was levied on certain lands in Lee county in September, 1880, as the property of S. W. Lee, which were claimed by defendants in error.

At the trial term of said claim, a motion was made to dismiss the levy upon the ground that the *fi. fa.* was a tax *fi. fa.* which had been transferred, and that it had not been entered upon the execution docket of Lee county, where the land levied upon lay, nor in the county of Fulton, the residence of the defendant, as required by law. The court sustained the motion and dismissed the levy, and this is the error complained of.

The legislature, in 1872, authorized the transfer of tax *fi. fas* to any person, other than the defendant, who might pay them. Before the passage of that act this could not be done. In 1875 the legislature reenacted in the same words that law, but with a proviso declaring that the transferee should have the same rights as to enforcing, etc., as might have been exercised or claimed before the transfer, provided the transferee shall have said execution entered on the execution docket of the superior court of the county in which the same was issued; and if the person against whom the same was issued re-

sides in a different county, then also in the county of such person's residence within thirty days from said transfer.

The language of this law, we think, is unmistakable, and that a tax *fi. fa.* issued since its passage, and not recorded within thirty days, cannot be enforced as a lien·in the hands of a transferee. It is true that by analogy to the registration laws, a different construction might be placed upon this act; that is, its very letter might be *construed* to mean the opposite of what it says, but we think that laws should be enforced as they are passed, and so rule that the legislature means what it says.

Judgment affirmed.