MURRAY *vs.* BRIDGES *et al.*

Where a *fi. fa.*, issued in 1874 for state and county taxes of that year, was levied in March, 1875, and transferred in July of that year, it fell under the operation of the act of 1875, which required the recording of the transfer within thirty days in order that the transferee should have the same rights and lien as the state and county. The act of 1879 extended the time for recording, but not having complied with it, it did not relieve the transferee from the loss of his lien, resulting from his failure to record the transfer under the act of 1875. Therefore, in a contest between the transferee and the holder of a *fi. fa.*, founded on a mortgage made after the issuing of the tax *fi. fa.* and before its transfer, the mortgage *fi. fa.* would take precedence.

November 14, 1882.

Tax. Executions. Before JOHN J. HUNT, Esq., Judge *pro hac vice*, Spalding Superior Court. February Term, 1882.

Reported in the decision.

JOHN I. HALL, for plaintiff in error.

BOYNTON & HAMMOND, for defendants.

JACKSON, Chief Justice.

On the hearing of this rule, Murray offered in evidence a tax *fi. fa.* for the state and county taxes against W. B. Cunningham, bearing date December 18, 1874, for the tax of 1874. The *fi. fa.* was levied on the 3rd day of March, 1875, and was properly transferred to Murray, July 25th 1875.

Trammel offered in evidence a mortgage *fi. fa.* dated July 15th, 1875. The money in court was from the sale in April, 1880, of land known as the brick-yard property. The property was sold under Trammel's mortgage *fi. fa.*, and bought by him. The *fi. fa.* of Murray was for taxes

due on this property, and the levy of the tax *fi. fa.* was pending at the time of sale. The court awarded the money to Trammel's *fi. fa.* This decision is alleged to be error.

The question made is, which has the superior lien, a tax *fi. fa.* issued in 1874, for taxes that year, and transferred after the act of 1875, in reference to the transfer of such *fi. fas.*, or a mortgage executed after the date of the *fi. fa.* but prior to the transfer?

The answer to it depends on the construction of the acts of 1872, 1875 and 1879.

By the first act, see Code, 891; acts of 1872, p. 35, the transferee is entitled "to the same rights as to enforcing the execution and priority of payment as might have been exercised or claimed before said transfer." Therefore, by this act, as the state would have had priority of payment over the mortgage *fi. fa.*, the transferee had the same. No record of the tax execution or transfer was necessary, under this act.

How do the subsequent acts of 1875 and 1879, affect this lien in its priority of payment?

By the act of 1875, there is a proviso in the following words: " Provided, said transferee shall have said execution entered on the execution docket of the superior court of the county in which the same was issued, and if the person against whom the same was issued, resides in a different county, then also in the county of such person's residence, within thirty days from said transfer."

This act of 1875 was passed on the 20th of February, 1875, and the transfer was not made until July 25th, 1875. So that the rights of the transferee in this case, were acquired subsequently to the proviso, and subject to it. The right of the transferee, being subject to that proviso, and not recorded, has no priority of payment over the mortgage by operation of the acts 1872 and of 1875, construed together.

. Does the act of 1879 affect it? That act merely extends the time to record this execution six months after its passage, which was not done; therefore, the priority of payment is not restored by this act, as it was not complied with at all. It is true that, unless this is done, the *fi. fa.* loses its lien only "upon property which has been transferred *bona fide*, and for a valuable consideration before the record, and without notice of the existence of such execution." But this *fi. fa.* in the hands of this transferee had no lien to lose, by not having been recorded to give it any in his hands, by the proviso to the act of 1872, enacted in 1875.

The judgment of the court below, therefore, is right in awarding the money to the mortgage *fi. fa.* and is affirmed.

Judgment affirmed.