CLARKE *v.* DOUGLASS, executor.

To make the transfer of an execution issued by a county against a defaulting tax-collector and his sureties available against third persons, the terms of the code, §891(a), must be strictly complied with; the execution must not only have been transferred by the proper person, but must also have been properly recorded.

November 10, 1890.

Money rule.    Tax executions.    Transfers.    Record. Before Judge Marshall J. Clarke.    Fulton superior court.    September term, 1890.

Reported in the decision.

John C. Reed, for plaintiff in error.

Arnold & Arnold, *contra.*

BLANDFORD, Justice.

The county of Fulton issued a writ of execution against Samuel R. Hoyle, as principal, and W. H. Clarke and others, securities. Mrs. Clarke, the plaintiff in error, bought this execution, which was issued for county taxes, and caused the same to be transferred to her by the county attorney, at the instance of the commissioners of the county of Fulton, so far as the same was against her husband, W. H. Clarke. This execution and transfer were not recorded, but Mrs. Clarke caused the same to be levied upon certain property of W. H. Clarke, one of the defendants in said execution; the property was sold, and the money arising from the sale went into the hands of the sheriff. Mrs. Douglass also had an execution against W. H. Clarke, and she notified the sheriff to hold up said money, and a rule was brought to distribute the same. The court awarded the money in the sheriff's hands, or a part thereof, to Mrs. Douglass upon her execution against W. H. Clarke, decreeing that so much of the fund in the sheriff's hands as might be necessary should be applied in satisfaction of the Douglass *fi. fa.*, and the remainder on the other *fi. fa.*; to which judgment Mrs. Clarke excepted.

The execution transferred to Mrs. Clarke was not issued upon any judgment of the court. Section 891(a) of our code declares that "Whenever any person, other than the person against whom the same has issued, shall pay any execution issued for State, county or municipal taxes, or any other execution issued without the judgment of a court, under any law, the officer whose duty it is to enforce said execution shall, upon the request of the party paying the same, transfer said execution to said party; and said transferee shall have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said

transfer : Provided, said transferee shall have said execution entered upon the execution docket of the superior court of the county in which the same was issued, and if the person against whom the same was issued resides in a different county, then also in the county of such person's residence within thirty days from said transfer. . . . . And in default thereof, such executions shall lose their lien upon any property which has been transferred *bona fide*, and for a valuable consideration, before the record and without notice of the existence of such execution, or executions." We think, under this section of the code, to make the transfer of such an execution available against third persons, that the same should have been recorded as required by law. No execution such as this, which is embraced in this section of the code, can be transferred except under and by virtue of this act, and therefore the terms of the act must be strictly complied with. The execution must not only have been transferred by the proper person, but must also have been properly recorded, in order to bind a third party, as required by law. We think, therefore, that the execution in favor of Mrs. Douglass took precedence over the execution held under this transfer to Mrs. Clarke, and that the court was right in directing the execution of Mrs. Douglass to be first paid out of the fund in the hands of the sheriff. *National Bank of Athens* v. *Danforth*, 80 *Ga.* 56 ; *Murray* v. *Bridges*, 69 *Ga.* 644; *Hoyt* v. *Byron*, 66 *Ga.* 351.

*Judgment affirmed.*