WILSON *v.* HERRINGTON, tax-collector.

86  777
f110 767
86  777
120  474

1. Unless a tax-execution paid off by one not a party to it is entered on the execution docket of the superior court as required by section 891(a) of the code, within thirty days after the transfer, it has no longer any force except as against the defendant only. As to all third persons it is extinguished.
2. But without payment in full, no legal transfer can be made, and such payment includes costs as well as taxes.
3. When, in a claim case, the levy has been improperly dismissed, the court may correct the error at the same term by reinstating the case on motion. A motion general in its language is sufficient, the error being apparent on the face of the record.
4. The omission of the tax-collector to attach an unsigned receipt to the execution, as required by the act of 1885, does not render the execution void but only irregular.

March 16, 1891. Argued at the last term.

Tax-executions. Practice. Before Judge ROBERTS. Pulaski superior court. May term, 1890.

An execution for State and county taxes against Ryan was levied upon a lot of land, describing it, but the levy did not state as whose land the lot was levied upon. A claim was interposed by Mrs. Wilson, and after the levy and claim the *fi. fa* was transferred by the sheriff to one Lewis, for the amount of the taxes due, exclusive of costs. When the case came on for trial and the *fi. fa.* was tendered in evidence, claimant moved that it be rejected and the levy dismissed, on the grounds that the levy did not state whose property the land was or anything to show that it was subject to be levied upon; that there was no receipt attached to the *fi. fa.* as required by law; that the *fi. fa.* had been fully paid up and satisfied as was shown by the entry on it of the transfer by the sheriff to Lewis, and the State and county had no longer any interest in it; and that more than thirty days had expired since the written transfer of the *fi. fa.* by the sheriff to Lewis, and the same had never been recorded as required by law, and because

of such default the *fi. fa.* had lost its lien and had become null and void. The court overruled all the grounds of the objection except the last, which was sustained. It is insisted that the court erred in not sustaining the other objections made. During the same term, the plaintiff in *fi. fa.* filed a motion to revoke the order of dismissal and reinstate the case. The claimant objected to this motion as not being the proper one in the premises, which objection was overruled and to this ruling exception is taken. The court then heard the motion and sustained it, and this also is excepted to.

A. C. PATE and MARTIN & SMITH, for plaintiff in error. No appearance *contra*.

BLECKLEY, Chief Justice.

1. If the tax-execution had been wholly paid off by Lewis, though this was done pending the claim, his failure to enter the execution on the execution docket of the superior court within thirty days after the transfer made to him by the sheriff would have justified the court in dismissing the levy, for the statute keeps such executions alive as to third persons only on condition that they are so entered. Code, §891(a). Though defendants against whom they are issued will still be affected by such executions where there has been a failure to enter them, claimants of property levied upon are entitled to treat them as extinguished or discharged. *Hoyt* v. *Byron*, 66 *Ga.* 351; *Murray* v. *Bridges*, 69 *Ga.* 644; *National Bank* v. *Danforth*, 80 *Ga.* 56; *Fuller* v. *Dowdell*, 85 *Ga.* 463, 11 S. E. Rep. 773; *Clarke* v. *Douglass*, 86 *Ga.* 125, 12 S. E. Rep. 209. It will be observed that so much of the section of the code above cited as is taken from the act of 1879 relates alone to tax-executions issued prior to February 20th, 1875. The execution now in question was issued in 1889 for State and

county taxes of 1888, and consequently is governed by the general terms of the prior statute and not by the special provisions of the act of 1879.

2. But the execution was not fully paid off. There remained due upon it one dollar for costs, and to collect this unpaid balance the tax-collector was entitled to proceed with the levy. He was so proceeding, and consequently the court erred in dismissing the levy because the *fi. fa.* had been transferred to Lewis by the sheriff and not recorded within thirty days thereafter. The sheriff had no authority to make the transfer, inasmuch as the execution was not paid in full. Lewis is no party to the claim case, nor is he a party in this court. The tax-collector is proceeding to subject the property levied upon, and he has a right to do this so long as anything remains unpaid on the execution.

3. The court having erred in dismissing the levy, the right way to correct the error was to reinstate the case on motion and set aside the erroneous judgment. This was done at the same term of the court, and there was no error in so doing. The motion made, though very general in its language, was sufficient, the error committed in dismissing the levy ·being apparent on the face of the record.

4. The provision of the act of 1885 (Acts of 1884–5, p. 67) requiring tax-collectors to attach· an unsigned receipt to each execution issued for taxes, is directory, and the omission of that duty does not render the execution invalid. A claimant of property levied upon by virtue of an execution for taxes is not entitled to have the levy dismissed because no receipt is attached.

*Judgment affirmed.*