## FUNKHOUSER v. MALE et al.

1. A tax fi. fa. transferred to a person other than the defendant loses its lien as to third persons, unless the transfer be recorded as prescribed by the law in force at the time.
2. When such a fi. fa., issued and transferred prior to the adoption of the Code of 1895, was levied at the instance of the transferee, and a claim was filed by a third person, the levy should have been dismissed.
3. In such case it was error to direct a verdict for the claimant.

Argued April 27, — Decided May 11, 1900.

Levy and claim.   Before Judge Janes.   Polk superior court. August term, 1899.

*Fielder & Mundy,* for plaintiff.   *H. H. Dean, W. C. Bunn,* and *Hoke Smith & H. C. Peeples,* contra.

SIMMONS, C. J. An execution for State and county taxes was issued against W. M. & J. H. West, in January, 1892.   It was transferred, in April, 1892, to Mrs. Adams, and the transfer recorded the next day on the general execution docket. In August, 1893, Mrs. Adams transferred the fi. fa. to Funkhouser, and this transfer was recorded on the same day on the general execution docket.   Funkhouser had the execution levied upon certain lots of land as the property of the defendants in fi. fa.   A claim was filed by Male and others, and at the trial of the claim case Funkhouser, the transferee, offered the execution in evidence. It was objected to by the claimants upon the ground that it had never been recorded upon the proper execution docket, and had, therefore, lost its lien as against them.   This objection was sustained and the execution ruled out.   The court thereupon directed the jury to find a verdict in favor of the claimants, that is, that the property was not subject.   Funkhouser filed his bill of exceptions alleging error in the exclusion of the fi. fa. from evidence and in the direction of the verdict.

1, 2.   It was admitted here that the transfers of the tax execution were not recorded on the docket prescribed by the law in force at the time of the transfer; but it was insisted that, inasmuch as they were recorded upon the general execution docket, there was sufficient notice to the claimants, and the lien of the fi. fa. was preserved.   The law in force at the time of the transfers

of this fi. fa. was that they should be recorded on the execution docket of the clerk of the superior court. The act of 1889 (Acts 1889, p. 106), now section 2788 et seq. of the Civil Code, directed the clerk of the superior court to keep another docket, styled the "general execution docket," in which certain liens were to be recorded. By the act of 1894 (Political Code, §888) transfers of tax fi. fas. were required to be recorded on this general execution docket. The act of 1879 (Acts 1879, p. 181) applied only to executions issued prior to February 20, 1875, requiring transfers of such executions to be recorded, within six months after the passage of the act, on the execution docket of the superior court, and providing that " in default thereof such executions shall lose their lien upon any property which has been transferred bona fide and for a valuable consideration before the record and without notice of the existence of such execution or executions." This latter clause of the act was embodied in the Code of 1895 along with the acts of 1872, 1875, and 1894, and is now made applicable to all transfers made since the adoption of the Code of 1895. As the original act applied to those executions only which were issued prior to February 20, 1875, this clause did not apply to executions issued subsequently to that date and transferred prior to the adoption of the Code of 1895. *Wilson* v. *Herrington,* 86 *Ga.* 778. Thus there was no law of force in the years 1892 and 1893 which required the claimants to show that they acquired the property bona fide and without notice of an execution issued and transferred in those years. The act of 1875 (Acts 1875, p. 119), which was the law in force at the time of the issuance and of the transfers of the execution now under consideration, required transfers of tax executions to be recorded on the execution docket of the superior court. That docket will be found described in section 4360 (4) of the Civil Code, and was the particular docket upon which these transfers should have been recorded. The record of the transfers upon any other docket or upon any other book in the clerk's office would be no notice to any one, and would not serve to preserve the lien of the execution as against third persons. As before remarked, it was not until the act of 1894 that transfers of this character were re-

quired to be recorded upon the *general* execution docket. A' record upon any other docket or book than that prescribed by law is no record at all. It being admitted that these transfers were not recorded upon the docket prescribed by law, it follows, under numerous decisions of this court, that the transferee' lost his lien as against these claimants. In the case of *Hoyt* v. *Byron,* 66 *Ga.* 351, the transferee of a tax execution had it levied upon certain land which was claimed by Byron and others. It was held that, the transfer not being recorded, the lien of the fi. fa. was lost as against the claimants. It is true that in the headnote to that case, made by the reporter, it is declared that the lien was lost on the property of the defendant; but in *Fuller* v. *Dowdell,* 85 *Ga.* 466, where it was ruled, following *National Bank of Athens* v. *Danforth,* 80 *Ga.* 56, that a tax execution a transfer of which had not been properly recorded was still good as against the defendant, it was said that this ruling was not in conflict with *Hoyt* v. *Byron,* as the latter case ruled only that the lien was lost as against a claimant. In the case of *Bank* v. *Danforth,* it was squarely decided, for the first time by this court, that the transferee did not lose his lien as against the defendant in fi. fa. by reason of a failure to record the transfer. This case has been followed in *Fuller* v. *Dowdell,* supra; *Clarke* v. *Douglass,* 86 *Ga.* 125; and *Wilson* v. *Herrington,* 86 *Ga.* 777. In the opinion in the last-mentioned case, Bleckley, C. J., cited *Hoyt* v. *Byron* as sustaining the ruling made. In *Murray* v. *Bridges,* 69 *Ga.* 644, the ruling was the same as in *Hoyt* v. *Byron.* For these reasons we hold that, the transfers not having been properly recorded, the execution lost its lien as against the claimants, and there was no error in excluding it from evidence.

3. As to the ruling made in the third headnote of this case, see *Baker* v. *Shepherd,* 37 *Ga.* 12; *Hackenhull* v. *Westbrook,* 53 *Ga.* 285; *Solomon* v. *Newell,* 67 *Ga.* 572.

*Judgment reversed. All concurring, except Fish, J., absent.*