## 3029.   COUNTY OF LAURENS *v.* CITIZENS BANK OF VALDOSTA *et al.*

1. Except in a county having a population of 75,000 or more, the tax-collector has no authority to transfer executions for taxes due the State and county.    This authority is given to the sheriff or other officer authorized by law to levy tax-executions.
2. Unless an execution for taxes is paid in full, including principal, interest, and costs, no legal transfer can be made, and the title to the execution remains in the State and county, to be enforced against the property of the defendant in execution, and the lien of such execution for the year the taxes are due is prior to all other liens against the property of the defendant.
3. The execution for State and county taxes, not having been fully paid off, remained a lien in favor of the State and county against the property of the defendant, and took precedence over all other liens.

DECIDED SEPTEMBER 11, 1911.

Money-rule; from city court of Fitzgerald—Judge Wall.    September 23, 1910.

The questions in this case arise on a rule against the sheriff for the distribution of funds in his hands, realized from the sale of property under execution.    The undisputed facts are as follows: On April 6, 1909, the sheriff sold the property in question for $1,100, in pursuance of an execution in favor of McIlwaine, Knight & Co. against J. L. King, issued from the city court of Ashburn on January 21, 1908.    On the day of the sale the Citizens Bank of Valdosta, as transferee, placed in his hands two fi. fas. against the defendant, J. L. King, one in favor of T. L. Griner, and the other in favor of the Southern Hat Company, based on judgments of the city court of Ashburn, rendered December 16, 1907.    The transfers of these two executions to the bank were duly entered on

the general execution docket on January 21, 1908. Ewell Brown intervened as transferee of a fi. fa. based upon a judgment of the city court of Ashburn, rendered on October 31, 1907, in favor of the Swift Fertilizer Works against King, for the principal sum of $354.64, interest, attorney's fees, and costs. This execution was duly entered on the general execution docket and had on it a duly recorded transfer, dated May 5, 1909, purporting to have been made by J. H. Pate, attorney for plaintiff in fi. fa., to Ewell Brown, reciting that the transfer was for value received. A credit of cash, $125, dated November 11, 1907, was entered on it, and there was also upon it an entry of levy on the identical property from which the fund to be distributed by the court was realized, dated November 4, 1908. J. B. Wall testified, that in the fall of 1908 he paid to the sheriff, by a draft drawn on J. L. King, the defendant, through the Lake Park Bank, the full amount due on this execution; that the execution was attached to the draft, and that he represented the defendant in making the payment; and the sheriff testified that this witness had paid him the amount due on the execution. The evidence is silent as to how the execution got into the possession of J. H. Pate, the attorney who made the transfer to Ewell Brown, or how it got into the possession of Ewell Brown, except by the transfer as above stated. The County of Laurens intervened for the use and benefit of Mrs. M. J. Adams, transferee of a tax-execution issued by the tax-collector of Laurens county in January, 1907, against J. L. King, for State and county taxes, of the year 1906, for $208.34, besides interest, and $1.50 costs. Upon the back of this tax fi. fa. was an entry that it was transferred by C. H. Adams, tax-collector of the said county, on October 18, 1907, to Mrs. M. J. Adams, for and in consideration of $208.34, the principal of the fi. fa. This fi. fa. was entered on the general execution docket of Laurens county on October 18, 1907. The sheriff testified, and it was not controverted, that he sold the property under the fi. fa. in favor of McIlwaine, Knight & Co. for the sum of $1,100; that before any other executions were placed in his hands claiming any part of the fund realized from the sale of this property, the plaintiffs in that execution demanded payment of their execution, and that he paid it in full and had remaining in his hands for distribution the sum of $610.86.

It was agreed that the judge, without the intervention of a

jury, should decide the questions of law and fact, and distribute the fund remaining in the hands of the sheriff. The judge distributed the fund as follows: (1) The payment made by the sheriff of the fi. fa. in favor of McIlwaine, Knight & Co. was approved. (2) The costs due the sheriff, the cost for the attorney who filed an answer for the sheriff to the rule, and the costs due the clerk of the city court, were ordered to be paid. It was ordered that the sum of $564.36 remaining in the hands of the sheriff be applied as follows: (3) Upon the fi. fa. in favor of T. L. Griner, transferred to the Citizens Bank of Valdosta, $284.40; (4) upon the fi. fa. in favor of Southern Hat Company, transferred to the Citizens Bank of Valdosta, $86.83; (5) upon the fi. fa. in favor of Swift Fertilizer Works, transferred to Ewell Brown, $194.13. The court held that the tax-execution had no lien upon the fund in the sheriff's hands. The county of Laurens, intervenor, for the use and benefit of Mrs. M. J. Adams, transferee of the tax fi. fa., filed a motion for a new trial on the general grounds, and it excepts to the judgment overruling its motion.

*Joseph B. Wall,* for plaintiff in error.

*W. A. Dodson, John B. Hutcheson,* contra.

HILL, C. J. (After stating the foregoing facts.)

It is admitted by the plaintiff in error that the tax-collector of Laurens county had no authority, under the law, to transfer the tax fi. fa. in favor of the State and county to Mrs. M. J. Adams, transferee, and that his attempt to transfer it was void and of no legal effect, as he was not at that time the collecting officer of the county, and, the State and county taxes for that year having gone into the form of an execution, it became the duty of the sheriff to collect the taxes, and it was the sheriff's duty to transfer the fi. fa. upon payment of the amount by Mrs. Adams. Civil Code (1910), § 1145. It is insisted, however, that the payment by Mrs. Adams to the tax-collector was not a settlement of the taxes due the State and county by the defendant in fi. fa. This did not relieve the sheriff from the duty of collecting the taxes due on that fi. fa., and, as the attempted transfer of the execution by the tax-collector was void, the lien of the fi. fa. still remains in the county. See *Hill* v. *Georgia State Building and Loan Association,* 120 Ga. 472 (47 S. E. 927), in which case the Supreme Court holds that the execution issued by the tax-collector for

State and county taxes could not be lawfully transferred by the tax-collector of the county, for the total population of the county was less than 75,000 inhabitants. It was conceded that the County of Laurens had a population of less than 75,000 inhabitants.

It is insisted, in the second place, that the lien of the State and county under this fi. fa. was not divested by the payment of $208.34 principal thereon, because there was shown to be still due on the fi. fa. interest and costs. See *Wilson* v. *Herrington, 86 Ga.* 777 (13 S. E. 129), in which it was held that, notwithstanding the transfer of the tax execution, the sheriff was entitled to proceed to enforce collection, for the reason that there remained due upon it $1 for costs, and, as long as there was anything still due on the execution, any attempted transfer of it, even by the sheriff, was not legally effective to divest the lien of the fi. fa. in favor of the State and county for the taxes. We think the contention of learned counsel on both of these points is sound, and that, for both of the reasons given in the decisions cited, the title to this execution remained in the County of Laurens, and it had a prior lien on the property of the defendant for the amount still due on the fi. fa., to wit, interest and costs, and was entitled to be paid this amount before payment of the other executions against the defendant. Powell on Actions for Land, § 238.　　　*Judgment reversed.*