8455.  TRUITT COMPANY *v.* DUNSON & BROTHERS COMPANY.

BROYLES, P. J.  1.  "A levying officer ruled for money, and who is manifestly a mere stakeholder with no interest in the result of the case, is not a necessary party to a bill of exceptions sued out by one of the contestants for the fund." *DeVaughn* v. *Byrom,* 110 *Ga.* 904 (36 S. E. 267).

(*a*) This is true although the levying officer was a necessary party in the proceedings in the lower court. *Quitman Oil Co.* v. *Peacock,* 14 *Ga. App.* 550 (81 S. E. 908).

(*b*) Under the above ruling the motion to dismiss the writ of error is denied.

2.  Whenever an execution for State, county, or municipal taxes is paid by a person other than the defendant, the officer whose duty it is to enforce it shall on request transfer it to the person paying it; and the transferee shall have the same rights as to enforcement and priority of payment as might have been exercised or claimed before the transfer, "provided said transferee shall have said execution entered on the general execution docket of the superior court of the county, in which the same was issued, . . *within thirty days from said transfer.* And in default thereof such execution shall lose its lien upon any property which has been transferred bona fide and for a valuable consideration before the record and notice of the existence of such execution." Civil Code (1910), § 1145.

(*a*) The provisions of this act must be strictly complied with; and, to make the transfer of such an execution available against third persons, the transfer must not only have been made by the proper person, but must also have been recorded within the specified time. *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (4) (7 S. E. 546); *Clarke* v. *Douglass,* 86 *Ga.* 125 (12 S. E. 209), and cases therein cited.

3.  A tax-collector has no authority to transfer an execution issued for State and county taxes, except in counties having a population of 75,-000 or more. *Hill* v. *Georgia State Building & Loan Association,* 120

*Ga.* 472 (47 S. E. 897); *County of Laurens* v. *Citizens Bank of Valdosta,* 9 *Ga. App.* 662 (72 S. E. 67).

4. This was a money rule against the sheriff of Troup county, and the controlling question is: Which was the superior lien on the fund in his hands,—the execution of the plaintiff in error, for the purchase money of the land from whose sale the fund was derived, or the execution for State and county taxes, which had been transferred to the defendant in error, for value received, on February 2, 1916, by the tax-collector of the county, and which on the same day was entered upon the general execution docket? The tax-collector of Troup county had no authority to transfer the execution. The fact that the sheriff of the county (who did have such authority) subsequently, on December 13, 1916, transferred the execution to the defendant in error, and that it was on the following day entered on the general execution docket, under the facts of the case, did not render the execution available against the plaintiff in error. When the defendant in error bought the tax execution on February 2, 1916, the State and county no longer had any interest therein. It is the spirit and intent of the statute that the transfer shall be made at the time the tax fi. fa. is purchased, and that it shall be recorded within thirty days from that time. In this case the first transfer by the tax-collector and the recording of the same were invalid, and the defendant in error, to preserve his priority of lien, should have had a legal transfer made and properly recorded within thirty days from the time he bought the execution. But he waited *ten months* after he had purchased the execution, and until the fund in the sheriff's hands was before the court for distribution, and it was then too late to have a lawful transfer made and recorded. The execution in the meantime had lost its lien as against all innocent third persons.

5. The court erred in holding that the transferred fi. fa. for taxes for the year 1915 was a superior lien to the execution of the plaintiff in error.

6. The preceding rulings being controlling in the case, it is unnecessary to pass upon the other questions raised. ·

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 19, 1917.

Money rule; from city court of LaGrange—Judge Harwell. December 13, 1916.

*E. T. Moon,* for plaintiff in error. *M. U. Mooty,* contra.