UNION CENTRAL LIFE INSURANCE COMPANY *v.*
GRIFFIN.

W. A. *Slaton,* for plaintiffs in error. C. E. *Sulton,* contra.

BECK, Presiding Justice. In May, 1927, W. H. Griffin conveyed to Union Central Life Insurance Company a tract of land in Wilkes County, Georgia, to secure a debt of $3500. In October, 1928, he conveyed to Atlanta Joint Stock Land Bank another tract of land in that county to secure a debt of $4000. In both of these deeds the grantor covenanted to pay all taxes assessed against the lands when they were due. On November 20, 1930, W. H. Griffin conveyed still other lands in Wilkes County to his son, John Key Griffin. While W. H. Griffin and his wife remained in possession of the last-named tract of land, after the execution of the deed to his son, and thereafter these lands were returned for taxes in the name of Mrs. W. H. Griffin, the stepmother of John Key Griffin, and while there was other evidence tending to show that the deed to the son was one given to secure a debt owing to him, John Key Griffin claims that his deed was a warranty deed made for a valuable consideration, to wit, for money loaned and advanced by him to his father prior to the making of this deed; and there was evidence supporting this contention. This deed to John Key Griffin, which was a warranty in form, was recorded in October, 1931. The conveyance was made to the son subject to an existing encumbrance due Growers Finance Corporation of $3500.

W. H. Griffin was adjudicated a bankrupt in November, 1931,

and the trustee in bankruptcy abandoned the lands held as security by Union Central Life Insurance Company and by Atlanta Joint Stock Land Bank to those creditors, as being without equity for the general creditors; and both Union Central Life Insurance Company and the Land Bank formally exercised the powers of sale contained in their deeds, and themselves purchased the lands at these sales. In March, 1931, after W. H. Griffin had executed the deed to John Key Griffin, but before it was recorded, W. H. Griffin paid off and discharged the existing encumbrance on the lands conveyed to the son, of $3500 due Growers Finance Corporation, to which the deed to John Key Griffin was expressly subject. Some $2600 of this payment was made by the sale of cotton produced on all the lands of W. H. Griffin, including the lands conveyed by him to Union Central Life Insurance Company and Atlanta Joint Stock Land Bank to secure debts, as above recited. The tax digest showed that for the years 1930, 1931, and 1932 W. H. Griffin returned in his own name the lands covered by the security deeds to the insurance company and the bank, and returned in the name of Mrs. W. H. Griffin the lands conveyed to John Key Griffin, the lands in controversy in this case. W. H. Griffin paid all of 1929 taxes against the lands conveyed to the insurance company and the bank except some $26, and this amount was afterwards paid by him in the course of this litigation, but he did not pay the 1930 taxes against those lands, amounting to some $324. Tax executions were · issued against these lands for the year 1930 taxes, which were taken up by the insurance. company and the bank, and the tax. fi. fas. were transferred and assigned to them, the date of the transfer not being shown.

The tax-collector, for the benefit of the transferees, had the sheriff levy these. fi. fas. upon the lands conveyed to John Key Griffin, and was proceeding to have these lands sold under such tax executions, on the theory that W. H. Griffin, having covenanted in his security deeds to Union Central Life Insurance Company and Atlanta Joint Stock Land Bank to pay all taxes when due against these lands, and having failed to do so, and having used the proceeds from the crops grown on these lands to pay off encumbrances on other lands which he owned, or which he conveyed to his son after making such covenants, was liable for these taxes; and that whether the son held an absolute conveyance to the lands or merely a security

deed thereto, those lands should be made to bear this tax, under the circumstances stated. John Key Griffin filed an equitable petition to enjoin the sale of his lands for such purpose, claiming that his was a warranty deed made for a valuable consideration and recorded before the insurance company and the bank acquired the legal title to their lands by foreclosure, and before the issuance of the fi. fas. in question.

The court instructed the jury to find in favor of John Key Griffin if they should find that his deed, dated November 20, 1930, was a warranty deed and not a deed given to secure a debt. The jury found in his favor, and the court thereupon passed an order enjoining the defendants from proceeding to enforce in any way the tax fi. fas. issued for the year 1930 against their lands and transferred to them, as against the plaintiff or any property owned by him, and any such lien or cloud upon his title was ordered discharged and canceled. A motion for a new trial was overruled, and the insurance company and the bank excepted.

■ The evidence authorized the jury to find that the plaintiff, John Key Griffin, was purchaser for value and held a warranty and not a security deed from W. H. Griffin to the lands sought to be subjected to the fi. fas. in question; that his deed of November 20, 1930, was prior in date to the issuance of these fi. fas.; that these fi. fas., though issued against the plaintiff's grantor, W. H. Griffin, were for 1930 taxes upon other lands than those of the plaintiff, lands separately returned and separately assessed for taxes, being the lands which W. H. Griffin conveyed by security deeds to the defendants and which they took title to under the powers of sale contained in their security deeds, and which they as transferees were seeking to enforce against the plaintiff's lands. Under such facts these fi. fas. are not enforceable in the hands of these transferees against the plaintiff's lands. See Code of 1910, § 1145; *Funkhouser* v. *Male*, 110 *Ga.* 766 (36 S. E. 57). This being true, the jury were authorized to return a verdict in favor of the plaintiff against the enforcement of these fi. fas. against him or his lands. This rules upon the original motion and the first three grounds of the amendment to the motion for a new trial, which are general in character.

■ The court charged the jury as follows: "If you should believe, under the evidence in this case, that the deed from W. H.

Griffin to John Key Griffin, the last deed—there seem to have been two deeds, that the last deed from W. H. Griffin to John Key Griffin was a warranty deed, and was not a deed given for the purpose of securing a debt, I charge you that you should stop right there in your investigations and render a verdict in favor of the plaintiff in this case, which would mean that the 1930 fi. fas. should be enjoined." This charge is not open to the criticism that it contains an expression of opinion by the court on the evidence, that it was confusing to the jury, and that the court did not draw any distinction between a deed of bargain and sale and a deed warranty in form given to secure a debt.

■ It follows from the foregoing rulings that the court did not err in failing to submit to the jury the contentions of the defendants, to wit, that because of the covenants made by W. H. Griffin in his security deeds to the lands now held by the insurance company and the bank that he would pay the taxes thereon when due, and because cotton grown upon these last-named lands was used by W. H. Griffin toward paying off an indebtedness upon the lands conveyed by him to John Key Griffin, the lands in controversy, and because these taxes accrued on the first day of January, 1930, and J. K. Griffin's deed was made November 20, 1930, these tax executions, which were against W. H. Griffin for taxes upon other lands than those of J. K. Griffin, should be paid out of J. K. Griffin's lands, even if his deed was for a valuable consideration.

*Judgment affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*

GILBERT, J., dissenting. "No replevin shall lie, nor any judicial interference be had, in any levy or distress for taxes under the provisions of this Code, but the party injured shall be left to his proper remedy in any court of law having jurisdiction thereof." Civil Code (1910), § 1163; Code of 1933, § 92-7901. *Harris Orchard Co. v. Tharpe,* 177 *Ga.* 547 (170 S. E. 811, 88 A. L. R. 1212) ; *Lightner v. Belk,* 178 *Ga.* 766 (174 S. E. 349), and cit. The provisions of the Code just cited are applicable to the facts of this case, the petitioner being a third party, not defendant in fi. fa.; and accordingly the court had no equitable jurisdiction, and erroneously granted an injunction. For these reasons I dissent from the judgment rendered by the majority. Mr. Justice Atkinson concurs in this dissent.