WILILAM JENNINGS, administrator, plaintiff in error, *vs.* WILLIAM W. WRIGHT & COMPANY, defendants in error.

1. A declaration, in one of the short forms authorized by the Code, against the administrator of A, not expressly stating that he is sued *as* administrator, but alleging that he is indebted to the plaintiff on a promissory note, a copy of which is annexed, and the copy annexed being that of a joint note signed " A & B," is a suit against the defendant, not individually, but in his representative character as administrator of A.

2. Such a declaration, upon its face, in the absence of anything to show that B is still alive, sets forth a cause of action, at law, against the defendant as administrator of A. The non-joinder of B, if alive and within the jurisdiction, would be matter for plea in abatement. But after judgment, it will be presumed that A survived B, in which case the proper defendant to the action is A's administrator alone.

Jennings *vs.* Wright & Company.

3. Judgment in favor of a creditor of the intestate against an administrator who enters no appearance and pleads no plea, should be *de bonis testatoris,* but when not so entered it is amendable upon motion.

4. This court will not pass upon a point not made and decided in the court below. (R.)

Administrators and executors. Pleadings. Abatement. Presumptions. Judgments. Amendments. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

Reported in the opinion.

P. L. MYNATT, for plaintiff in error.

L. J. GLENN & SON, for defendants.

BLECKLEY, Judge.

An action of complaint, in the short form authorized by the Code, was brought in 1869, by William W. Wright & Company against William Jennings, administrator of C. T. O'Keefe. The declaration did not expressly allege that the defendant, was indebted *as* administrator, but the cause of action set forth was a joint promissory note payable to the plaintiffs, and signed "O'Keefe & Wilson," a copy of the note being annexed to the declaration. It was not averred who O'Keefe & Wilson were, or what was the relation between them, or what was the given name of either, or where Wilson resided, or whether he was living or dead. The only substantial allegations were, that the defendant was indebted to the plaintiffs on *that* note, and that he refused to pay. Service was duly acknowledged, the defendant signing the acknowledgment with this addition to his name, "Administrator *de bonis non,* estate of C. T. O'Keefe, deceased." There was no appearance by the defendant and no plea filed. In 1871 the court, without a jury, rendered judgment for principal, interest and cost, reciting that no issuable defense had been filed on oath. The judgment was simply against the defendant, without anything else to indicate whether his liability was personal or representative, and without any direction as to

the property out of which it was to be levied and collected. In 1872, more than twelve months after it was rendered, the defendant moved to set the judgment aside, for the non-joinder of Wilson, for failure to designate the defendant *as* administrator, and because of the judgment being *de bonis propriis*, and not *de bonis testatoris*. This motion was disposed of in 1875, and denied.

1. The cases which have heretofore been decided by this court, holding that the word *as* gave character to the action, were cases in favor of administrators, and not against them: 11 *Georgia*, 599; 16 *Ibid.*, 190. Moreover, in each of these cases the action was predicated upon a contract with the administrator himself, and not upon a contract with the intestate. There was, therefore, a legal possibility for the cause of action to be either a personal right or a representative right. Here, on the contrary, is a case in which the declaration is not only a nullity but a flat absurdity, unless it is construed to be against the administrator in his representative character. So construed, it means something; construed otherwise, it is all sheer nonsense. Besides, it may be said, the declaration is in the exact words of the statute, and a copy of the note is subjoined, as the statute requires: Code, section 3391. The plain meaning is, that the O'Keefe whose name appears to the note as one of the makers, is C. T. O'Keefe, and that the defendant is his administrator, and as administrator is indebted, on that note, to the plaintiffs. Whatever technicalities may entangle us when we deal with pleadings framed under the common law, there is always only a single question where pleadings framed under the statute are concerned, and that is, can they be easily understood? That test is sufficient even for an indictment: Code, section 4628. Let the declaration and the copy note, in this case, be read together in a spirit of candor, and there is not one man in a thousand who would be likely to misunderstand them. To miss the meaning, the reader would have to be a man of much learning, and one whom much learning hath made mad. To this court it is perfectly obvious that the defendant

was sued as administrator. A case was cited in 51 *Georgia*, 482, but it is not in point on this branch of the present case, for it only rules that a decree and execution were against a defendant personally, although the word "executor" was annexed to his name. There is no attempt to determine the character in which he was sued, nor is there anything in the report by which to· fix that character with certainty. The decree, as copied in the report, was plainly *de bonis propriis*, and not *de bonis testatoris,* and such a decree, as has often been ruled by this court, may be rendered on a bill in chancery against an executor, charging waste, etc.: 1 *Kelly,* 355; 3 *Ibid.,* 121; 11 *Georgia,* 658.

2. On that ground of the motion which attacks the judgment for non-joinder of Wilson as a co-defendant, there is not the least difficulty. The common law authorities hold that the non-joinder of one who ought to be made *plaintiff* is cause for arresting the judgment: 1 Chit. Pl., 13; and that if a legal excuse exist, such as death, etc., for omitting the joinder, it must appear in the declaration: *Ibid.,* 14. But the same authorities lay down a different rule in respect to *defendants ;* as to them, non-joinder is matter for plea in abatement and not for arresting the judgment, unless it appear affirmatively on the face of the plaintiff's pleadings that the omitted defendant is still living : *Ibid.,* 46. Here there is no such allegation. For aught that appears Wilson died before O'Keefe. If he did not, the fact that he survived should have been pleaded at the proper time in abatement. After judgment, it will be presumed that O'Keefe was the survivor, and if he were, when he died his administrator was liable to suit at law for the joint or partnership debts without joining the representatives of Wilson : 1 Chit. Pl., 51; Story on Partnership, note to section 346.

3. The objection that the judgment ought to be *de bonis testatoris* and is not so, seems true, in fact, but that is cause for amending it, not for setting it aside where there is no proposition to amend. The court below has ruled nothing against the defendant's right to have the judgment amended. The

presumption is, that if that had been embraced in the motion it would have been granted. We do not think that this judgment is to be vacated and pass for nothing, simply because it does not go far enough and direct that it is to be levied and collected of the goods, etc., of the intestate. It is clearly amendable in that respect, and is therefore not so wholly vicious as to amount to a nullity: 12 *Georgia*, 18, 281 ; 17 *Ibid.*, 289. Construing it in connection with the pleadings, there is no great strain in holding that by reasonable implication, it was intended to bind the estate and not the administrator personally. Its only defect is that it does not express this purpose with full legal certainty.

4. There was a point made in argument which we do not find presented in the motion, namely, that the action was by William W. Wright & Company, without setting forth any name or names embraced in the general designation, "& Company." On this point, we make no decision, not because we think it formidable, but because the court below, so far as we are informed by the record, did not pass upon it.

Judgment affirmed.