SPENCER C. PRYOR *et al.*, administrators, *et al.*, plaintiffs in error, *vs.* DOCTOR B. LEONARD, defendant in error.

1. Judgment against administrators which does not provide for collection out of the property of the intestate, is only irregular, not void, and is amendable.

2. That the judgment has been partially paid off, is no reason for not allowing the amendment.

3. On a motion by the plaintiff to amend, the administrators will not be heard to say that they did not have notice of the debt, when it does not appear that there was any failure to serve them with declaration and process.

4. A surety sued in the same action and included in the judgment, cannot prevent the amendment from being made by alleging that the principal was solvent at and after the making and maturity of the debt, and that his risk has been increased by the plaintiff's *laches*. If he is discharged, that is no reason for not correcting a mere irregularity as to his principal; and he could urge his discharge as well with the irregularity corrected as with it uncorrected.

5. The surety cannot, in resistance to the plaintiff's motion to make this amendment, enter into the question of his discharge before judgment by giving notice to sue, or set up an agreement between his counsel and the counsel of the plaintiff, to the effect that the case would not be pressed, and that the counsel of the surety might absent himself from the court, which he did accordingly, leaving the plea of discharge with the plaintiff's counsel.

Judgments. Administrators and executors. Amendment. Principal and security. Before Judge CLARK. Sumter Superior Court. April Term, 1876.

Pryor *et al. vs.* Leonard.

Leonard brought complaint against Pryor and another, as administrators of Benjamin G. Pettie, deceased, principal, and Joseph J. Collier, security, upon a promissory note. Judgment was rendered at the May term, 1867, for the plaintiff, but it omitted to charge the property of the intestate in the hands of the administrators to be administered. At the October term, 1875, the plaintiff sought to cure this irregularity by an amendment. The administrators objected to this proceeding upon the following grounds: 1st. That prior to the date of said judgment, intestate's estate had lands and other property sufficient to satisfy this debt, but that they have paid out all of said property, and now have nothing in their hands belonging to said estate; that they distributed said estate in good faith and without notice of this claim, and they therefore plead *plene administravit*. 2d. That there has been paid to plaintiff's attorney $700 00·on said judgment, which has not been credited thereon.

The security objected to the proposed amendment upon the following grounds: 1st. That more than three months before action was brought he gave notice in writing to the plaintiff to sue said note, which the latter failed to do; that he pleaded this omission as a defense to this suit before judgment; that when said plea was filed, plaintiff's attorney agreed with this defendant's attorney, one Rogers, that he need not remain in attendance upon the court to defend the case, as he would not press the same, and, relying upon this agreement, Rogers left the court, leaving the plea in the hands of counsel for the plaintiff, to be shown to his client as a reason for not taking judgment against this defendant. 2d. The payment set forth as the second objection of the administrators. 3d. That at the time of the rendition of the aforesaid judgment the estate of the intestate, the principal in the note, was perfectly solvent, but that since then the same has been fully administered and is now insolvent; that this has resulted from the *laches* of the plaintiff in failing to enter judgment against the goods and chattels, lands and tenements of the intestate; that this

defendant's risk has been thereby increased, and he therefore claims to be discharged.

On demurrer the court dismissed the aforesaid objections, and allowed the amendment asked.  To all of which the defendants excepted.

HAWKINS & HAWKINS, for plaintiffs in error.

GUERRY & SON, for defendant.

BLECKLEY, Judge.

1. Here was a mere irregularity.  There was no attempt, on this motion, to create a judgment.  A judgment already existed against all the defendants, and the omission to make it full enough as to the administrators was amendable: 53 *Georgia Reports*, 387 ; 54 *Ibid.*, 538.  The amendment was warranted by the record.  It was needed for conformity.  It was, *prima facie*, beneficial to the defendants, and perhaps could have been made without notice to any of them : *Saffold vs. Wade*, 56 *Georgia Reports*, 174.

2. That a partial payment had been made on the judgment, to the plaintiff's attorney, was not a good reason for not making the record speak the truth.  As between the parties, the amendment would relate back to the date of the judgment—*Saffold vs. Wade, supra.*  The amendment would utter no legal voice for or against the payment.  As to that, it would be silent, and, consequently, would be no obstacle to a future assertion of it in resistance to any attempt to enforce payment a second time.

3. Of course, it was altogether too late for the administrators to set up that they did not have notice of the debt before administering in full.  They do not pretend that they did not have notice of the suit, or were not duly served with the declaration and process.  If they had a defense it should have been presented in proper time.

4. As to the surety, he need not and cannot interfere against this amendment because his risk has been increased by what

has transpired since the judgment or before. The judgment was entered up in due time. It is against the surety as well as against the administrators, and is not void but irregular only. Thus, this case and the one in 52 *Georgia Reports*, 555, are unlike. In that case there was no judgment. The effort was to create one against the surety and the principal both. In this case the judgment is perfect as to the surety, and the motion is, to perfect it as to the administrators. Surely, this should be done, whether the surety is discharged or not. The administrators are not discharged; and why should they not be pursued, and how can they be regularly pursued without this amendment? The amendment may prove beneficial to all parties concerned, for while it will not aid the judgment so as to bind property in the hands of *bona fide* purchasers (12 *Georgia Reports*, 281,) it will doubtless make it available as against that which may have been distributed to the heirs since the judgment was rendered, and is still found in their hands. And, for aught that appears in the record, it is by distribution only that the estate has been administered. But in any event, whether the surety is now discharged depends not at all upon allowing or disallowing this amendment. Such an amendment cannot possibly prejudice him. He can assert his discharge quite as well after it is made as before.

5. The distinction between no judgment and one that is simply irregular, will dispose of the other point made by the surety; namely, that he was discharged by notice to sue, and that the judgment was fraudulent as to him, having been taken in violation of an arrangement between the attorneys to the contrary. Were there no judgment, this could be urged against a motion to enter one against the surety: 25 *Georgia Reports*, 681. But the irregularity now in question should be corrected, whether the surety has cause to open the judgment or not. The right to amend is very broad: 46 *Georgia Reports*, 529; 45 *Ibid.*, 117.

Judgment affirmed.