### THE STATE OF GEORGIA *vs.* JETER.

Where a levy has been made and claim interposed, it requires an order of court for the sheriff to withdraw the *fi. fa.* from the claim papers and make a new levy. Without this the new levy is not legal ; nor is it rendered legal by the fact that the first levy was illegal, and was afterwards held to be so.

Sheriffs. Levy and sale. Practice in the Superior Courts. Before Judge WRIGHT. Decatur Superior Court. November Term, 1879.

Reported in the decision.

BOWER & CRAWFORD, by brief, for plaintiff in error.

FLEMING & RUSSELL; O. G. GURLEY; JOHN E. DONALDSON, for defendant.

JACKSON, Justice.

This was an issue between the defendant Jeter, and the state, under sections 2028 and 2029 of the Code in respect to the liability of defendant's homestead to pay the *fi. fa.* issued by the comptroller-general against the tax collector of Decatur county, and defendant as one of his sureties. The defendant moved to dismiss the levy on the ground that when it was made there was an undisposed of levy and claim interposed, and no order of the court was passed allowing the execution to be withdrawn from the claim papers to make the new levy. The state replied that the former levy was void, and was afterwards so held because the sheriff who made it was a co-defendant and interested in the case. The court dismissed the levy, and error is assigned on that judgment.

In 19 *Ga.*, 161, this court held that it required an order in such cases to withdraw the execution and make a valid levy. Is the reply that the first levy was illegal and void,

as it undoubtedly was, the sheriff being interested, sufficient to dispense with the leave of the court to withdraw the execution? We are not prepared to say that it is. It would give the sheriff the right to withdraw claim papers essential to try cases pending in court, whenever he deemed the levy illegal, and therefore the claim good. The law had better be held to the plain rule that in such cases the court should control the papers, and on a proper case should have power to grant the withdrawal.

Judgment affirmed.