WILLIAMS, administrator, *et al. v.* MERRITT, executor.

1. The judgment sought to be amended was dormant, but not dead.
2. A judgment which, although dormant, still survives as a debt of record, enforceable by suit, may be so amended as to cure a mere irregularity therein.

SIMMONS, C. J., and LITTLE, J., dissenting. A dormant judgment can not be amended until it has been revived as prescribed by law.

Argued October 13, 1899. — Decided January 26, 1900.

Motion to amend judgment. Before Judge Hart. Greene superior court. August term, 1899.

*Samuel H. Sibley,* for plaintiffs.
*Park & Merritt,* for defendant.

FISH, J. This was an application, by petition, to the court of ordinary of Greene county, to amend a judgment of that court. The petition to amend was filed on July 25, 1899. A demurrer was filed to the petition, the grounds of which were, that the petition showed that the judgment was "null and void in law," as more than ten years had elapsed since execution issued upon the same, and there was "no entry or levy on said fi. fa. within ten years next preceding said application;" and that the plaintiffs were "guilty of laches." The case was appealed to the superior court, where the demurrer was sustained and the petition dismissed. In the bill of exceptions this ruling of the court is assigned for error. From the petition it appears that the judgment sought to be amended was rendered upon a citation, at the instance of the legatees under the will of Thomas Merritt, to James Merritt, the executor of such will, to appear for a settlement of his accounts as such executor. This judgment was, as appears from the copy of the record from the court of ordinary, as follows: "Whereupon it is considered and adjudged by the court, upon a calculation and settlement of the accounts of said James Merritt, executor of the estate of Thomas Merritt, that the said James Merritt, executor as aforesaid, is indebted to Susan E. Merritt, Marietta M. Merritt, Martha Clements, Sarah V. Merritt, and Ellis Clements, guardian ad litem for Alice Merritt and Antoinette Merritt, in the sum of one thousand and fifty-five 98/100 dollars ($1,055.98), and that execution issue for that amount when called for. Judgment rendered this December 9th, 1878. Joel F. Thornton, Ordinary." The amendment prayed for and insisted upon was to add at the end of the judgment the words, "to be levied of the goods, lands, and tenements of the testator in the hands of said James Merritt to be administered." The petition also prayed that A. L. Williams, as administrator of the estates of two of the parties in whose favor the judgment was rendered, should be made a party to the judgment "in the stead of his deceased intestates," and that "the name of Ellis Clements be stricken from said judgment as guardian ad litem." But it is stated by counsel for the plaintiffs in error that these prayers were abandoned at the trial in the court below, and they are not insisted upon here.

We are of opinion that the court erred in sustaining the demurrer. For the reasons stated in the opinion in the case of *Williams* v. *Merritt*, ante, 213, the judgment sought to be amended was dormant, but not dead. Dormancy destroys the lien, but not the judgment. Notwithstanding dormancy, the judgment, as an adjudication of a court, fixing the legal liability of the judgment debtor, still survives and continues of force until it is absolutely barred by lapse of time. It is still a debt of record, upon which a suit may be maintained. "Every court is vested with inherent power to control and amend its records, judgments, and processes, and to correct errors and mistakes in them." *Brady* v. *Brady*, 71 *Ga.* 71. If, after it becomes dormant, a judgment is alive for any purpose, we do not see how dormancy can deprive the court of its inherent power to amend it. If the judgment still survives, for the purpose of fixing a legal liability, enforceable by suit, it seems to us that the power of the court to amend it has not been lost. So long as it exists for the purpose of establishing and defining a fixed legal obligation of the judgment debtor, the mere fact that it has lost its power to enforce this obligation is not sufficient to defeat an application to make it, upon its face, clearly express its true legal meaning, as a debt of record, when construed in the light of the pleadings upon which it was founded. Dormancy, which merely destroys the lien, but not the settled legal liability created by the judgment, can not prevent an amendment which will make the judgment in and of itself, without reference to the pleadings which preceded it, plainly express the exact nature and amount of this liability. This judgment, when construed in the light of the precedent pleadings, is, and could only be, a judgment de bonis testatoris. So this court has decided in a claim case arising upon the levy of an execution which issued from it. See *Merritt* v. *Merritt*, 66 *Ga.* 324. To add to it the words proposed by the amendment would be to cure a mere irregularity in the judgment. *Leonard* v. *Collier*, 53 *Ga.* 387; *Pryor* v. *Leonard*, 57 *Ga.* 136.

We do not think there is any merit in the ground of the demurrer which alleges that the plaintiffs have been guilty of laches. Notwithstanding the long period of time which has

elapsed since the judgment was rendered, we do not see how the executor could have been hurt by the failure of the plaintiffs to apply for the amendment sooner.

*Judgment reversed.   The other Justices concurred, except Simmons, C. J., and Little, J., who dissented, and Lewis, J., who was disqualified.*