*W. W. Mundy* and *E. A. Neely,* contra.

## HUMPHREY *et al. v.* JOHNSON *et al.*

LUMPKIN, J.  1. Where, in a suit in a justice's court, the justice entered upon the docket a judgment in favor of the plaintiff against the defendant for the principal, interest, attorney's fees, and costs, stated in detail, from which an appeal was taken to a jury in that court, and the jury returned a verdict stating, "We, the jury,. confirm the judgment in the above-stated case, and costs of this appeal, also ten per cent. attorney's fees," dated and signed by the foreman, such verdict was not so uncertain as to be void.  Giving to it a reasonable intendment, the expression, "confirm the judgment in the above-stated case," meant that the jury found in favor of the plaintiff against the defendant the same amount as had been found by the justice.

(a) Although it may not be proper practice, on the trial of an appeal, to let the jury know what judgment was rendered by the magistrate, doing so is no more than an error in procedure, and does not render the verdict void. If it were desired to take advantage of such error, it should have been done by proper proceedings for that purpose.

2. Where in a justice's court a judgment was entered upon the docket in favor of the plaintiff against the defendant, who appealed to a jury in that court, and the jury found a verdict for the same amount of principal, interest, and attorney's fees, as stated in the judgment of the justice, together with the costs of the case, and a judgment was entered on said verdict, the execution issued thereon and a levy and sale thereunder were not rendered void because the judgment entered upon the verdict had not been first entered on the docket of the justice. *Dodd* v. *Glover*, 102 *Ga.* 82 (29 S. E. 158); *Scott* v. *Bedell*, 108 *Ga.* 205 (33 S. E. 903).

3. If office papers in a justice's court are lost, they may be established in that court. Civil Code (1910), § 5322.

(a) If an appeal was taken from the judgment of a justice, and the verdict found by the jury and the judgment entered thereon were lost before having been entered on the docket, they could be established in the justice's court upon due proceedings and notice to parties interested, even after a sale under the execution issued upon such judgment. It does not appear what evidence was introduced in the justice's court in establishing such paper; and the presumption arises, from the proceedings and the judgment thereon, that sufficient evidence was produced.

4. An execution issued from the 722d district G. M., Fulton County, and headed, "State of Georgia, Fulton County," was levied on certain land. The entry of levy was as follows: "Levied the within fi. fa. on one lot fronting on Pace's Ferry road known as # 28, fronting on said road 262 feet and running north to Chattahoochee Ave. 535 ft., thence west along Chattahoochee Ave. 200 ft., thence south to Pace's Ferry road 350 ft., thence east along Pace's Ferry road 262 ft., the same being a fractional part of land lot # 99 in Buckhead district, levied on as the property of W. P. Humphrey, deceased." *Held*, that such entry of levy was not so indefinite as to be necessarily void and incapable of being applied to the subject-matter by extrinsic evidence.

(a) The same is true of a sheriff's deed made by virtue of a sale under such levy, which was headed, "State of Georgia, Fulton County," and which described the land in the same manner as in the entry of levy. *Horton* v. *Murden*, 117 *Ga.* 72 (43 S. E. 786); *Brice* v. *Sheffield*, 118 *Ga.* 128 (44 S. E. 843); *Sizemore* v. *Willis*, 130 *Ga.* 666 (61 S. E. 536); *Hancock* v. *King*, 133 *Ga.* 734 (66 S. E. 949).

5. Where suit was brought in a justice's court by summons, against an administratrix, upon a promissory note given by her intestate, of which a copy was attached to the summons, the suit was substantially against her in her representative capacity; and where judgment was entered against such administratrix without providing for collection out of the property of the intestate, it was irregular but not void, and was amendable, the rights of third parties not being affected. *Pryor* v. *Leonard*, 57 *Ga.* 136.

6. There was no error requiring a reversal; and the case is substantially controlled by former decisions of this court. In addition to those above cited see *Williams* v. *Merritt,* 109 *Ga.* 217, 219 (34 S. E. 1012) ; *Wadley* v. *Oertel,* 140 *Ga.* 326 (78 S. E. 912) ; *Humphrey* v. *Smith,* 142 *Ga.* 291 (82 S. E. 885).

7. The awarding of costs against the plaintiffs, under the defendants' equitable cross-petition, was a matter within the discretion of the court. Civil Code (1910), § 5423.

*Judgment affirmed. All the Justices concur.*
JULY 13, 1915.

Complaint for land. Before Judge Bell. Fulton superior court. May 25, 1914.

*Lavender R. Ray* and *R. O. Lovett,* for plaintiffs.

*C. J. Simmons, C. L. Pettigrew,* and *E. V. Carter,* for defendants.