### 7856.  ANDERSON, administrator, *v.* DANIEL.

Where the word "administrator" alone is added to the name of the defendant in a suit in a justice's court, and he files an answer denying any indebtedness, and pleads a set-off, alleging that the plaintiff is due the estate of a named person, the court may treat the suit as an action against the administrator of that estate; and the allowance of an amendment offered by the plaintiff, inserting the word "as" before the word "administrator," after the name of the defendant, will not be ground for reversal, notwithstanding the plaintiff's omission to mention the estate of which the defendant is administrator; and a judgment binding the estate may be rendered in the action.

DECIDED MARCH 20, 1917.

Certiorari; from Murray superior court—Judge Fite. August 23, 1916.

*H. H. Anderson,* for plaintiff in error. *W. W. Sampler,* contra.

WADE, C. J. 1. According to the allegations in the petition for certiorari, which were admitted by the answer of the magistrate to be correct, suit was brought in a justice's court on an account against "H. H. Anderson, administrator," which was by permission of the court amended to read against "H. H. Anderson, as administrator," without more; and "at the appearance term defendant filed a plea denying any indebtedness, and a plea of set-off, alleging that the plaintiff was due the estate of Mrs. J. C. Morris." Judgment was apparently rendered against H. H. Anderson as administrator of the estate of the said Mrs. Morris. The court did not err in permitting the suit to be amended by inserting "as" before "administrator." Civil Code of 1910, § 5690. "Strict pleading is not required in the justice courts, and the omission of the word 'as' before executor, in a suit there against such executor, or in the verdict or judgment against him, does not vitiate the proceeding." *Dorsey* v. *Black, 55 Ga.* 315 (3). While

the amendment allowed by the court did not by itself sufficiently indicate that the suit was brought against Anderson as administrator of a particular estate, nevertheless the plea filed by the defendant treated the demand as one against the estate of the intestate, and sought to set up a counter demand in behalf of the said estate against the plaintiff, and therefore the estate was concluded by the judgment rendered. "While it is a well-established rule of law that a judgment rendered against one sued as an individual is not conclusive of any right he may have in a representative capacity, such as executor, administrator, or guardian, yet where, in defense to an action brought against one as an individual, he files an answer which practically, though not in express terms, makes him in his character as administrator of a deceased person a defendant to the action and defends in the right of his intestate's estate, the estate is concluded by the judgment rendered in that action." *Braswell* v. *Hicks,* 106 *Ga.* 791 (32 S. E. 861). See also *Lamar* v. *Lamar,* 118 *Ga.* 684, 688, 689 (45 S. E. 498) ; *Wadley* v. *Oertel,* 140 *Ga.* 326, 330, 331 (78 S. E. 912). In this case the answer by its express terms made the administrator of the deceased person a defendant to the action, and the defense interposed was in the right of the intestate's estate.

Where suit is brought in a justice's court by summons against an administrator, which is substantially against him in his representative capacity, as appears therefrom, and as also appears by the express terms of the plea filed by the defendant in behalf of his intestate's estate, the judgment, if entered against the administrator without providing for collection out of the property of the intestate, would be irregular but not void, and would be amendable, the rights of third parties not being affected. *Humphrey* v. *Johnson,* 143 *Ga.* 703 (5), 705 (85 S. E. 830) ; *Pryor* v. *Leonard,* 57 *Ga.* 136. This ruling, however, may not be required by the facts of this case, since the exact form of the judgment against the administrator is uncertain, from the record.

2. It does not appear that objection was interposed to any testimony delivered by the plaintiff in support of his demand against the estate of the decedent, or relating to his transactions with the decedent. The objection urged to the testimony of one Pierce touching his knowledge as to transactions between the plaintiff and the decedent was properly overruled, so far as the record discloses,

since it nowhere appears therein that Pierce was the agent of the surviving party or was interested in the result of the suit, or was for any other reason disqualified under the provisions of the Civil Code (1910), § 5858, and subdivisions thereof. In the brief of counsel for the plaintiff in error it is insisted that the judgment should be reversed because "the only evidence going to prove the account sued on was the testimony of the plaintiff in the court below," and his testimony was inadmissible as to transactions between himself and the deceased party. The petition for certiorari sets forth the testimony of the plaintiff without showing that any objection whatever was interposed thereto, and further recites that objection was made to the testimony of Ellis Pierce, and error is assigned thereon because the court admitted Pierce's testimony as to transactions with the decedent, but no reason is alleged why Pierce was not a competent witness as to such transactions.

Other alleged errors complained of in the petition for certiorari, not being referred to in the brief of counsel for the plaintiff in error, will be treated as abandoned. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*