EMPIRE STATE CHEMICAL CO *v.* SHUBRICK *et al.*

1. A declaration in one of the short forms authorized by the Civil Code, against a named individual, alleging that he is the duly appointed administrator of a named decedent, that the defendant administrator is indebted to the petitioner on a promissory note in a stated sum, signed by the decedent, a copy of the note being attached, and further alleging that the "defendant administrator" is indebted to the petitioner in a stated sum on an open account for goods therein described which the decedent purchased from the petitioner, a copy of the account being attached, is a suit against the defendant, not individually, but in his representative character as administrator of the decedent.

2. The verdict being for the plaintiff against the defendant, naming the administrator, though it does not add descriptive words showing expressly that the verdict is against him as administrator, it will be construed to be against him in his representative capacity.

3. Judgment in favor of a creditor of an intestate against the administrator should be de bonis testatoris; but when it is not so drawn, it

is amendable upon motion, and the execution based upon the judgment is likewise amendable so as to make it conform to the judgment.

No. 759.    NOVEMBER 16, 1918.

. Claim. Before Judge Walker. Wilkes superior court. November 6, 1917.

The Empire State Chemical Company brought to the superior court of Wilkes county its suit upon a note and open account against Charles I. Reynolds, alleging: that the defendant is the duly appointed administrator of E. T. Shubrick, deceased; that the defendant administrator is indebted to petitioner on a promissory note in the sum of one hundred and eighty-one dollars principal, besides interest; that the note was made by E. T. Shubrick, deceased, May 10, 1915, to petitioners, and was due November 15, 1915, a copy of the note being attached to the petition; that the defendant administrator is also indebted to the petitioner on an account in the principal sum of two hundred and sixty-one dollars, besides interest; that the said Shubrick, deceased, purchased the goods described from petitioner, a copy of the account being attached; and that the defendant administrator fails and refuses to pay the said note and account. Wherefore petitioner prays that judgment be rendered against the defendant administrator for the said sum of money; that process issue, etc. To this petition was attached a copy of the note signed by E. T. Shubrick, and a copy of the account. Upon the trial of the case the jury returned a verdict "for the plaintiff, the Empire State Chemical Company, against the defendant, Charles I. Reynolds," $261 principal and $120.26 interest." Thereupon judgment was entered, that the plaintiff "do have and recover of the defendant, Charles I. Reynolds, administrator of the estate of E. T. Shubrick, deceased," the sums just mentioned, with future interest and cost of suit. Upon this judgment a fi. fa. was issued in the usual form, commanding "that of the goods and chattels, lands and tenements, of Chas. I. Reynolds, administrator of E. T. Shubrick," the sheriffs and deputies cause to be made the sums of money stated in the judgment, which, in the superior court on the date of the judgment, the plaintiff "recovered against said Chas. I. Reynolds, administrator E. T. Shubrick," etc. The execution was levied upon certain realty described, "as the property of Chas. I. Reynolds, Admr. Estate of E. T. Shubrick." A claim was filed, and at the trial of the claim case the plaintiff in fi. fa. offered in evi-

dence the execution. The claimant's counsel objected to its admission, because it was an execution against Chas. I. Reynolds individually, and not against him as the administrator of the estate of E. T. Shubrick. Counsel for the plaintiff offered to amend the judgment by adding, after the words "costs of court," the words, "to be levied of the goods and chattels, lands and tenements, of E. T. Shubrick, in the hands of Charles I. Reynolds, his administrator, to be administered;" and to amend the execution so as to make it conform to the judgment as amended. The court refused to allow the amendment, holding that the verdict was against Charles I. Reynolds in his individual capacity, and that the judgment and execution properly followed it; and then excluded the execution. The plaintiff in fi. fa. stating that he had no further evidence to offer, the court ordered the levy dismissed. The plaintiff excepted to each of these rulings.

*William Wynne* and *George M. DuBose,* for plaintiff.

*Colley & Colley,* contra.

BECK, P. J. (After stating the facts.)

1. Considering all the recitals of fact in the petition upon which the judgment was rendered on which execution issued in favor of the plaintiff in error, it was clearly a suit against Charles I. Reynolds as administrator of E. T. Shubrick, and in his representative capacity. "The cases which have heretofore been decided by this court, holding that the word *as* gave character to the action, were cases in favor of administrators, and not against them: 11 *Georgia,* 599; 16 *Ibid.* 190. Moreover, in each of these cases the action was predicated upon a contract with the administrator himself, and not upon a contract with the intestate. There was, therefore, a legal possibility for the cause of action to be either a personal right or a representative right. Here, on the contrary, is a case in which the declaration is not only a nullity, but a flat absurdity, unless it is construed to be against the administrator in his representative character." *Jennings* v. *Wright,* 54 *Ga.* 537.

2. Having held that the suit clearly was one against the administrator in his representative capacity, we are of the opinion that the verdict should be construed to be one against Charles I. Reynolds in his representative capacity as administrator. Verdicts are to receive a reasonable intendment. and we can look to the petition in construing the same, as has been done more than once in cases decided by this court.

3. Having held that the verdict is to be construed as one against Reynolds in his representative capacity, it was competent to amend the judgment so that it would follow the verdict, and then the execution so that it would conform to the judgment. It may seem that this is allowing the plaintiff to go a long way toward perfecting his judgment so that the levy would not fall; but the steps taken to go this distance follow each other naturally, and are in due sequence. The court should have allowed the amendment, and the refusal to do so was error; and his final judgment dismissing the levy was error.

*Judgment reversed. All the Justices concur.*