### 9879. CLARK v. JACKSON.

WADE, C. J. 1. Taking into consideration the nature and form of the exceptions to the auditor's report which were presented by the defendant in the lower court, in the light of the particular facts of this case there is no merit in the various assignments of error, including that relating to the failure of the trial judge to pass upon certain exceptions denominated exceptions of law.

2. The errors appearing in the judgment as finally entered up, being obviously typographical, may be corrected by proper amendment. Civil Code (1910), § 5697. *Judgment affirmed. Jenkins and Luke, JJ., concur.*
DECIDED JANUARY 15, 1919.

Exceptions to auditor's report; from city court of Richmond county—Judge Black. May 2, 1918.

*William H. Fleming,* for plaintiff in error.

*M. C. Barwick, A. R. Williamson,* contra.

---

### 9910. CENTRAL OF GEORGIA RAILWAY CO. v. HOWELL.

LUKE, J. 1. The following facts made out a case peculiarly for determination by the jury, and their verdict is conclusive so far as the general grounds of the motion for a new trial are concerned: Plaintiff was, on the day of the injury, driving an automobile on the highway in the city of Macon and in the direction of a public crossing intersected by several lines of track, where the defendant company had stationed a flagman to warn travelers of approaching trains, etc., and, just as the plaintiff drove up to and upon said crossing, the said flagman ordered him to stop, which he did as quickly as possible, causing his machine to come to a standstill upon and across one of the defendant's lines of track. After so stopping his machine in obedience to said order, the flagman ordered him to go back, but before he was able to move his car he was again ordered to go forward, and in this state of confusion, upon observing a train in close proximity and running upon the track on which his automobile was standing, he speedily removed himself from the car, in order to save his life, but the train continued on its way and struck his car and completely destroyed it.

2. None of the special grounds of the motion for a new trial contain reversible error, and the trial judge did not err in overruling the motion.
*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
DECIDED JANUARY 15, 1919.

Action for damages; from Bibb superior court—Judge Mathews. June 7, 1918.

*R. C. Jordan,* for plaintiff in error.

*L. D. Moore, J. A. Monsees,* contra.