PORTER FERTILIZER COMPANY *v.* COX.

392

No. 7162. November 14, 1929.

*O. J. Coogler,* for plaintiff.    *J. W. Culpepper,* for defendant.

Beck, P. J.   Execution was issued from the superior court of Clayton County in favor of Porter Fertilizer Company against Charles W. Cox as executor of Mrs. W. J. Cox, and Charles W. Cox individually.   The fi. fa. was levied upon certain land in Fayette County.   Jubal Cox filed a claim, and the papers were returned to the superior court of Fayette County.   The execution was levied upon certain land as the property of Mrs. W. J. Cox, deceased. After the levy and after the return by the sheriff of the papers to the superior court of Fayette County, the clerk of the superior court of Clayton County obtained the execution from the clerk of Fayette superior court and carried it away, and to the execution attached a purported amendment thereof.   The execution was then returned to the clerk of the superior court of Fayette County, who refused to file the amendment, making an entry accordingly on the amendment, but allowed the paper to be left attached to the original execution.   The claim case came on for trial; and upon the call of the case counsel for the claimant moved to dismiss the levy, on the ground that the levy was made upon property as the property of Mrs. W. J. Cox, deceased, while the execution as issued was merely an execution against the executor individually, and was not an execution de bonis testatoris.   This motion was not then ruled upon, but a jury was stricken and the case proceeded to trial.   Other documentary evidence was offered, and the plaintiff also tendered in evidence the original execution, the levy thereon, together with the

amendment thereto. The claimant objected to the admission in evidence of the execution and the amendment, and the court thereupon held that the execution as amended, with the levy on the execution, was not admissible in evidence; and after the introduction of other evidence the court granted an order dismissing the levy. The plaintiff excepted to this order, and to the rulings on admissibility of evidence.

The court did not err in dismissing the levy. The execution as originally issued could not be levied upon the property of Mrs. Cox, for it was no more than an execution against Charles W. Cox individually. This is manifest. But the clerk of the superior court of Clayton County, after the levy, had withdrawn the execution from the office of the clerk of the superior court of Fayette County, where it properly reposed until the trial. In *State of Georgia* v. *Jeter*, 65 *Ga.* 256, it was said: "Where a levy has been made and claim interposed, it requires an order of court for the sheriff to withdraw the fi. fa. from the claim papers and make a new levy. Without this the new levy is not legal; nor is it rendered legal by the fact that the first levy was illegal, and was afterwards held to be so." The court further said: "It would give the sheriff the right to withdraw claim papers essential to try cases pending in court, whenever he deemed the levy illegal, and therefore the claim good. The law had better be held to the plain rule that in such cases the court should control the papers, and on a proper case should have power to grant the withdrawal." See also *Ayers* v. *Lamb*, 65 *Ga.* 627. In *Kendall* v. *Westbrook*, 54 *Ga.* 587, it was held: "When an execution has been levied on land in one county, a claim interposed, and the papers returned to the proper court, it is not lawful for the plaintiff to withdraw such fi. fa. and have the same levied on property in another county, without first obtaining an order of court, or of the judge in vacation." Code section 5175, which was enacted after the decisions above cited, made a change in the existing law with reference to the withdrawal of fi. fas. in claim cases. That section of the Code was codified from an act of October 22, 1887, entitled "an act to authorize the plaintiff in execution to withdraw the original fi. fa., in claim cases, when the same is returned to the court by the levying officer upon the filing of claims to property levied on thereunder." Acts 1887, p. 62. Under § 5175 the plaintiff in execution has the right to with-

draw the original fi. fa. from the files of the court by making application therefor, in person or by attorney, to the clerk of the court; but the section distinctly provides that upon application being made, the clerk shall make a true copy of said fi. fa., with all the entries thereon, and shall certify the same to be true, and this certified copy shall be filed with the claim papers in lieu of the original fi. fa. and an entry of the filing made thereon. Even if it be conceded in this case that the clerk of the superior court of Clayton County was acting for the plaintiff in execution and would come within the provision of the statute allowing the plaintiff in execution to withdraw the papers, a most material and essential requirement of the statute was not complied with; that is, that a copy of the original fi. fa. should be made "with all the entries thereon, and the clerk shall certify the same to be true, and this certified copy shall be filed with the claim papers in lieu of the original fi. fa." Under the clear provision of this statute, the clerk of the superior court of Clayton County was not authorized to withdraw the fi. fa., and the clerk of the superior court of Fayette County was not permitted to allow him to withdraw it, even though the clerk who withdrew the fi. fa. were acting for the plaintiff in fi. fa., until a copy of the original fi. fa. and the entries thereon had been made in accordance with the statute. Consequently, when the clerk of the superior court of Clayton County withdrew the fi. fa. in this case and took it away for the purpose of making a most material amendment thereto, so as to make it leviable upon the property of Mrs. W. J. Cox, the court properly held that such an amendment would not be admissible in evidence as against the claimant in the case, and a dismissal of the levy necessarily followed.

Having held, for the reasons stated above, that the levy should have been dismissed because of the unauthorized amendment to the fi. fa., it is unnecessary to consider the rulings upon admissibility of other evidence which was offered by the plaintiff in order to make out a prima facie case.

*Judgment affirmed. All the Justices concur.*