MOBLEY, superintendent of banks, *v.* BRIGHTWELL.

No. 8162. SEPTEMBER 17, 1931. REHEARING DENIED SEPTEMBER 29, 1931.

418

W. W. Armistead, C. N. Davie, and J. F. Kemp, for plaintiff.
Wolver M. Smith and Hamilton McWhorter, for defendant.

ATKINSON, J. In Wright v. Scott, 145 Ga. 514 (89 S. E. 426), this court rendered a decision as follows: " 'For the property of a deceased person to be sold under an execution against the administrator, the execution must be such as can be levied upon the goods and chattels, lands and tenements of the deceased. An execution which directs a seizure of the property of the administrator is not such a process.' Jones v. Parker, 60 Ga. 500. The judgment and execution must be de bonis testatoris, not de bonis propriis. Freeman v. Binswanger, 57 Ga. 159; Lemon v. Thaxton, 59 Ga. 706; Jones v. McCleod, 61 Ga. 602; Ramsey v. Cole, 84 Ga. 147 (10 S. E. 598). (a) Accordingly, where an execution commanded the levying officers 'that of the goods and chattels, lands and tenements of O. D. Gray, admr. estate of A. J. Paulnot, deceased, you cause to be made the sum of two hundred dollars, . . which at our city court at Baxley, said county, to wit, on the 14th day of Feb., 1911, Mrs. Anne Wright, executrix, and Jesse Vickery, executor of the estate of J. C. Wright, deceased, recovered against said O. D. Gray, admr. of the estate of A. J. Paulnot deceased,' etc., such execution and the judgment referred to therein were against O. D. Gray personally, and not in his representative capacity as administrator of the estate of Paulnot, and the property of the estate could not be legally levied

upon and sold under such execution. (b) Where such execution was levied upon certain land as the property of the estate of Paulnot, and a claim to the land was interposed by third persons, and upon the trial the plaintiff introduced in evidence such execution and the entry of levy thereon and two deeds made to the decedent, Paulnot, about six years prior to the rendition of the judgment, conveying to him the land levied upon, and no other evidence was introduced either by the plaintiff or the claimants, the court did not err, upon motion of the claimants, in dismissing the levy." The facts of the instant case bring it within the principles above announced and applied. Accordingly the judge did not err in dismissing the levy.

*Judgment affirmed. All the Justices concur.*