23747. NEELY, executor, *et al.* v. MOBLEY, superintendent of banks.

MACINTYRE, J. 1. An execution issuing upon an unpaid stockholders' liability assessment against "A. W. & R. C. Neely, as executors of Neely Estate," may be amended by the superintendent of banks, or his successor in office, so as to read: against the "Estate of R. C. Neely Sr., deceased, now in the hands or that may hereafter come into the hands of A. W. Neely and R. C. Neely, as executors of the said R. C. Neely Sr., deceased," without making a new assessment or having to furnish such executors another notice of the assessment, directed in accordance with the amended execution, there being no question as to the rights of any third persons intervening. *Pryor* v. *Leonard*, 57 *Ga.* 136; *Redd* v. *Davis*, 59 *Ga.* 823; *Williams* v. *Merritt*, 109 *Ga.* 217, 219 (34 S. E. 1012); *Humphrey* v. *Johnson*, 143 *Ga.* 703 (85 S. E. 830); *Anderson* v. *Daniel*, 19 *Ga. App.* 526 (91 S. E. 940); *Land* v. *Gormley*, 177 *Ga.* 497 (170 S. E. 510).

2. The assessment made against a stockholder in a bank which has been taken over by the superintendent of banks for liquidation, in pursuance of the stockholders' liability law relative to defunct banks, takes the

place of a judgment and bears the relation of a judgment to the execution issuing on such assessment by the superintendent of banks in accordance with the banking laws of this State. Ga. L. 1919, pp. 154, 160, § 20; Ga. L. 1925, pp. 119, 125, § 9; Michie's Code (1926), § 2366(71).

3. "Every court is vested with inherent power to control and amend its records, judgments and processes, and to correct errors and mistakes in them." *Brady* v. *Brady*, 71 *Ga.* 71; *Clark* v. *Jackson*, 23 *Ga. App.* 269 (97 S. E. 883); Civil Code (1910), § 5697.

4. There is no such substantial difference in "Neely Estate" and "Estate of R. C. Neely Sr.," the evidence being undisputed that the named executors were executors of the "Estate of R. C. Neely Sr.," and that such estates were one and the same, as would nullify a stock-assessment execution issuing against said named persons, "as executors of the Neely Estate," which was amended by the superintendent of banks or his successor in office so as to describe said persons as executors of the estate of R. C. Neely Sr.

5. There being no dispute that the "Neely Estate" was the "Estate of R. C. Neely Sr.," and it appearing from the books of the defunct bank that there was stock therein in the name of the "Neely Estate" at the time the bank was taken over by the superintendent of banks for liquidation, the superintendent did not wrongfully assess the same under the stockholders' liability law in the name of certain persons as executors of the "Neely Estate," and so notify said persons thereof, it not appearing but that these persons were executors of said estate, issuing the original execution against these persons as executors of the "Neely Estate," and subsequently amended the executon to read against said persons as executors of the "Estate of R. C. Neely Sr.," even though within six months prior to the time said bank was taken over by the superintendent of banks for liquidation the estate of R. C. Neely Sr. had been distributed among the legatees thereof. Michie's Ga. Code (1926), §§ 2366 (139), (140), (141); *Clay* v. *Mobley*, 171 *Ga.* 548 (156 S. E. 194); *Pignatel* v. *Mobley*, 44 *Ga. App.* 556 (162 S. E. 159); *Doster* v. *Mobley*, 38 *Ga. App.* 508 (144 S. E. 385); *Mobley* v. *Personius*, 172 *Ga.* 261 (157 S. E. 294). Section 2248 of the Civil Code of 1910 merely prescribes the statutory rule for locating the burden of liability among the successive owners of stock; but it does not relieve the actual owner of the stock from being liable and being primarily liable. *Harris* v. *Taylor*, 148 *Ga.* 663, 670 (98 S. E. 86).

6. There is nothing to the contrary of what we rule in this case in the case of *Mobley* v. *Brightwell*, 173 *Ga.* 417 (160 S. E. 404). In that case the execution issued de bonis propriis, that is to say against the administrator's own property, whereas under the banking law the administrator was only liable as administrator, and the execution should have issued de bonis testatoris, that is, against the property of the testator. The court in that case correctly held that the execution was improperly issued against the administrator individually. In the case at bar the execution was issued de bonis testatoris in the first instance, the change therein being from the "Neely Estate" to the "R. C. Neely Sr." estate. See *Empire State Chemical Co.* v. *Shubrick*, 148 *Ga.* 551 (97 S. E. 541).

7. It is true that the estate of a deceased stockholder is not liable where

before the insolvency of the bank the beneficial ownership of the stock passed from it to the legatees, and the debts of the bank were created at a time when the corporation or the creditors should have known of this fact. *Cozart* v. *Mobley*, 43 *Ga. App.* 630 (159 S. E. 749). But in that case the title to the stock had passed to the legatees and the estate had ceased to be in the owner thereof long before the bank failed, something like twenty years, although the stock still stood upon the books of the bank in the name of the estate, whereas in the instant case the distribution was made shortly, within the six months period prescribed by the statute, before the insolvency of the bank, and it does not appear that the debts of the bank were created at a time when the corporation or its creditors knew or should have known thereof.

8. *Quære:* Can the estate of a named person be the owner of stock in a bank? See in this connection *Penn Mutual Life Ins. Co.* v. *Donalson*, 177 *Ga.* 84, 90 (169 S. E. 337), and cit. However, this question was not raised and is not for decision in this case.

9. Applying the rulings above made, the trial court did not err in dismissing the affidavit of illegality interposed by the defendants to the execution in this case.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided September 20, 1934.

*Fullbright & Burney,* for plaintiffs in error.
*H. Cliff Hatcher,* contra.