## INTERSTATE BOND COMPANY *v.* PHŒNIX MUTUAL LIFE INSURANCE COMPANY.

No. 11128. JANUARY 16, 1936. REHEARING DENIED FEBRUARY 21, 1936.

*Jones, Powers & Williams* and *O. J. Franklin,* for plaintiff.
*Williams & Freeman,* for defendant.

BELL, Justice. (After stating the facts.)

1. Whenever any person other than the defendant in fi. fa. shall pay any execution for State, county, or municipal taxes, the officer whose duty it is to enforce the execution shall, on the request of the party paying, transfer the same to him; and such transferee shall have the same rights as to enforcement and priority as might have been exercised or claimed before the transfer; provided the transferee shall have the execution entered on the general execution docket "within thirty days from said transfer;" and provided further, that in default of record the execution shall lose its lien on any property which has been transferred bona fide and for a valid consideration before the record and without notice of the existence of such execution. Code of 1933, § 92-7602.

2. A tax execution issued merely against an estate is void. *Wilson* v. *Eatonton,* 180 *Ga.* 598 (180 S. E. 227). But where such an execution was issued by a tax-collector on non-payment of taxes due by an administrator, and a third person at the request of the administrator paid the full amount thereof, including interest and cost, to the sheriff whose duty it would have been to enforce the execution if valid, and obtained a transfer which together with the execution was recorded within 30 days in accordance with the statute, all parties believing that the execution was valid and intending that it should be sold and transferred as an enforceable tax execution, the payment by the transferee did not amount to a payment of the taxes which had accrued on the property assessed, but should be treated as the intended consideration for a valid tax execution with a transfer as contemplated by statute.

3. In such case, on discovery that the execution and transfer were void because the execution was not issued against any person, it was legal and proper, on the request of the person who had made the payment as indicated, and without further consideration, for the tax-collector to issue a new execution in proper form, and for the sheriff to execute a new transfer of such new execu-

tion; it being the duty of these officers, on demand, to supply to the transferee the rights intended by the parties in the original transaction. *Thompson* v. *Adams*, 157 *Ga.* 42 (120 S. E. 529); *Thomas* v. *Lester*, 166 *Ga.* 274 (142 S. E. 870); *Merchants & Mechanics Bank* v. *Tillman*, 106 *Ga.* 55 (31 S. E. 794); *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (3, 4) (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). Cases like *Smith* v. *Mason*, 48 *Ga.* 177, and *State and County* v. *Wingfield*, 59 *Ga.* 202, involving executions transferred before the passage of the statute authorizing transfers, are inapplicable.

4. In the circumstances the new execution and transfer were valid; and the transferee, on complying with the law as to record, was entitled to "have the same rights as to enforcing said execution and priority of payment as might have been exercised or claimed before said transfer," and the record, if made "within 30 days from said transfer," was within due time, regardless of the date when the transferee·may have paid the amount necessary for the transfer of·a valid execution. Code of 1933, § 92-7602; *Federal Land Bank* v. *Farmers & Merchants Bank*, 177 *Ga.* 505 (2) (170 S. E. 504).

5. Under the foregoing principles as applied to the facts of the instant claim case, the judge (trying the case by consent without a jury) erred in finding in favor of the claimant, since the evidence and agreed statement demanded a finding in favor of the transferee. *Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

It is insisted that this tax fi. fa. was void, because there was no valid return of property for taxes by the representative of the estate. There is no merit in this contention. Attached to the agreed statement of facts is a copy of the return made by "J. L. Burney, adm.," upon which the execution was based. It appears that the customary printed form was used. The return as filed was headed, "Return of property for taxation made by: G. B. Burney Est.," and contained a description and valuation of several tracts of land and of certain items of personalty, with stated valuations, following all of which was the signature "J. L. Burney, adm." When this return is considered in its entirety and in the light of the agreed statement, it is undoubtedly a return by the administrator in his representative capacity.

It is further contended that the execution was against J. L. Burney personally, and could not be levied upon property of the estate in the hands of the administrator. If the execution stood alone and without explanation, it is perhaps true that it should be treated as one against J. L. Burney in his individual capacity; but when it is considered with all the facts in the record, it is clearly an execution against the administrator as the representative of the estate. It may have been irregular, but it was not void; and having been admitted in evidence without objection, the formal defect was not such as to prevent a levy on property of the estate. *Jennings* v. *Wright,* 54 *Ga.* 537; *Leonard* v. *Collier,* 53 *Ga.* 388; *Redd* v. *Davis,* 59 *Ga.* 823; *Pryor* v. *Leonard,* 57 *Ga.* 136; *Wadley* v. *Oertel,* 140 *Ga.* 326 (78 S. E. 912) ; *Humphrey* v. *Johnson,* 143 *Ga.* 703 (5) (85 S. E. 830) ; *Fry* v. *Shehee,* 55 *Ga.* 208 (11) ; *Empire State Chemical Co.* v. *Shubrick,* 148 *Ga.* 551 (97 S. E. 541) ; *Neely* v. *Mobley,* 49 *Ga. App.* 541 (176 S. E. 527) ; *Anderson* v. *Daniel,* 19 *Ga. App.* 526 (91 S. E. 940).

The present case is distinguished by its facts from each of the following cases, in which there was either no evidence or not sufficient evidence to show that the proceeding was really against the legal representative. *Bagley* v. *Robertson,* 57 *Ga.* 148; *Freeman* v. *Binswanger,* 57 *Ga.* 159; *Stephens* v. *Atlanta,* 119 *Ga.* 666 (46 S. E. 872) ; *Lemon* v. *Thaxton,* 59 *Ga.* 706; *Tinsley* v. *Lee,* 51 *Ga.* 482; *Porter Fertilizer Co.* v. *Cox,* 169 *Ga.* 391 (150 S. E. 582) ; *Mobley* v. *Brightwell,* 173 *Ga.* 417 (160 S. E. 404) ; *Wright* v. *Scott,* 145 *Ga.* 514 (89 S. E. 426). Compare *Dozier* v. *McWhorter,* 117 *Ga.* 786 (45 S. E. 61).

It is complained that in the decision as rendered this court overlooked the fact that the execution "included taxes that had been wiped out by a year's support proceeding." It is not material in the present case that a portion of the estate was set apart to the widow of the intestate as a year's support, the property so set apart being distinct from that levied on. *Georgia Refinancing & Loan Co.* v. *Marietta,* 178 *Ga.* 761 (174 S. E. 346) ; *Real Estate Loan Co.* v. *Union City,* 177 *Ga.* 55 (3) (169 S. E. 301) ; *Beaton* v. *Ware County,* 171 *Ga.* 798 (156 S. E. 672).

In *County of Laurens* v. *Citizens Bank of Valdosta,* 9 *Ga. App.* 662 (2) (72 S. E. 67), it was held: "Unless an execution for taxes is paid in full, including principal, interest, and costs, no

legal transfer can be made, and the title to the execution remains in the State and county, to be enforced against the property of the defendant in execution, and the lien of such execution for the year the taxes are due is prior to all other liens against the property of the defendant." A similar ruling was made in *Wilson* v. *Herrington,* 86 *Ga.* 777 (2) (13 S. E. 129). The decision in the instant case is not contrary. There was payment in full, although in advance. Compare *Fuller* v. *Dowdell,* 85 *Ga.* 463 (11 S. E. 773).

It is insisted that we also overlooked the decision in *Carter* v. *Moody,* 160 *Ga.* 849 (129 S. E. 163) to the effect that equitable rights can not be asserted or enforced in a claim case without proper pleadings and parties. It is further insisted that under the ruling in *Thomas* v. *Lester,* 166 *Ga.* 274 (142 S. E. 870), the administrator as the defendant in fi. fa. was a necessary party in the instant case. The right of the transferee in the case at bar to proceed against the property levied on did not depend on the grant of equitable relief, and the defendant in execution was not a necessary party. There is no merit in any of the grounds of the motion for rehearing.

*Rehearing denied. All the Justices concur.*