## STANFIELD *v.* DOWNING COMPANY.

No. 12344. September 15, 1938.

*P. M. Anderson* and *W. T. Burkhalter,* for plaintiff.

*C. L. Cowart,* for defendant.

ATKINSON, Presiding Justice. A suit on open account was instituted against D. L. Stanfield, alleged to be guardian of Marshall D. Hursey. In the petition it was alleged that the defendant "as guardian of the said" ward "is indebted to petitioner" in a named sum "for board and nursing" of the ward, which "is now due to your petitioner by the said D. L. Stanfield, guardian." The defendant's answer admitted that he was the duly qualified guardian of the ward, and joined issue on all other material allegations. In the answer it was alleged that the defendant had in hand a stated sum of money "belonging to the estate of" the ward, to which claims were being asserted by named persons, additional to the plaintiff's demand. Request was made "that such direction be given as would protect this defendant, and that no judgment be taken for any amount more than the amount in hand." A verdict in favor of the plaintiff for the full amount of his demand was returned, on which the plaintiff's attorney entered judgment which declared "that the plaintiff have and recover of the defendant" a specified amount. An execution was issued on that judgment, commanding "that of the goods and chattels, lands and tenements, of D. L. Stanfield, guardian of M. D. Hursey, you cause to be made the" stated amount of the judgment. A remote transferee of the execution caused it to be levied on land as the individual property of D. L. Stanfield. A claim was interposed by the holder of a junior security deed executed by Stanfield and another person engaged in business as partners. A verdict for the claimant was directed. The plaintiff's motion for new trial was overruled, and he excepted.

1. The judgment must be construed with reference to the pleadings. It appears from these that the defendant was guardian for his ward, and that the action was founded on debt of the ward, there being no charge of mismanagement or other ground of per-

sonal liability of the guardian. Considering the judgment with the allegations of the petition as thus substantially stated, the judgment should be construed as against the defendant in his representative capacity only, and not as a personal judgment. *Jennings* v. *Wright*, 54 *Ga.* 537; *Wadley* v. *Oertel*, 140 *Ga.* 326 (78 S. E. 912), and cit.; *Humphrey* v. *Johnson*, 143 *Ga.* 703 (5) (85 S. E. 830); *Empire State Chemical Co.* v. *Shubrick*, 148 *Ga.* 551 (97 S. E. 541); Tyler *v.* Langworthy, 37 Iowa, 555; Lansing *v.* Bever Co. (Iowa), 132 N. W. 177. While there may be diversity of opinion in other jurisdictions on this subject (24 C. J. 879, § 2201), the better view accords with the ruling above expressed. The question in this case is not whether a judgment de bonis testatoris should have been rendered, or whether a judgment de bonis propriis should have been rendered, under the Code, § 113-2110; but it is upon proper construction of the judgment that was rendered.

2. The execution should follow the judgment (Code, § 39-104), and could not change its character or bind individual property of the guardian, where the judgment on which it was based did not do so.

3. The two special grounds of the motion for a new trial are merely elaborative, and will not be dealt with separately from the general grounds. The verdict directed by the court was demanded by the evidence on application of the principles stated above, and the judge did not err in denying a new trial.

*Judgment affirmed. All the Justices concur.*